MISCELLANEOUS SUPREME COURT DISPOSITIONS
ORDER ALLOWING PETITION FOR RECONSIDERATION

May 9, 2008

In the Matter of the Application for Reinstatement of Gunter, Bruce A., Applicant. (S053579) (344 Or 368) 
Upon consideration by the court.

Petitioner seeks reconsideration of this court's decision filed on March 27, 2008. The court grants reconsideration to correct and restate certain factual matters that appear in the court's opinion, as described below.

1. At 344 Or at 372 (slip op at 5, line 4), the phrase "a law clerk" is deleted and is replaced by the phrase "an associate."

2. At 344 Or at 374 (slip op at 7, line 10) the phrase "records of applicant's treatment" is deleted and is replaced by the phrase "a document regarding applicant's attendance."

3. Beginning at 344 Or at 375 (slip op 8, line 15), the fourth, fifth, and sixth sentences of the paragraph and footnote 4 are deleted and the following is substituted therefor:

"Applicant stated in his deposition that Epstein 'went through a fair amount of trouble' to help him recover his NASD registration. However, applicant did not take a position with Money Market One and, thus, did not obtain registration with NASD. He asserted that Epstein had not offered him adequate compensation for his work and that Epstein was 'taking advantage' of him. In 1999, applicant accepted a job with Advanced Precision Technologies (APT), a high-tech start-up company."[4]

[4] "As we discuss below, after leaving APT, applicant went on to work for other securities firms."

4. Beginning at 344 Or at 382 (slip op at 18, line 2), the third through seventh sentences of the paragraph are deleted and the following is substituted therefor:

"The record shows that, in May 1997, Money Market One applied to NASD to employ applicant as a registered representative selling money market investments and proposed to provide a particular supervisory plan for applicant. Applicant never went to work for Money Market One, in part because he felt that he was being taken advantage of. Applicant acknowledged in his deposition that Epstein of Money Market One 'went through a fair amount of trouble' to help him regain his license and 'was pretty pissed off about the whole thing.' Applicant insisted that he did nothing wrong. However, in light of Epstein's reaction, this event demonstrates that applicant had a difficult relationship with that business entity."

The modifications to the court's opinion listed above do not alter the court's ultimate conclusion that the application for reinstatement to the Oregon State Bar should be denied.

Reconsideration allowed. Result adhered to.